101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Milica VUKSANAJ, Plaintiff-Appellant,
v.
BUILDING SERVICES 32B-J HEALTH & PENSION FUND and James
Toomey, Fund Manager, Defendants-Appellees.
 No. 95-9070.
 United States Court of Appeals, Second Circuit.
 April 1, 1996.
 
 APPEARING FOR APPELLANT:Josephine Gottesman, New York, N.Y.
 APPEARING FOR APPELLEES:Michael Geffner, Manning, Raab, Dealy & Sturm, New York, N.Y.
 Before NEWMAN, C.J., and OAKES and PARKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Plaintiff-appellant Milica Vuksanaj appeals from the October 10, 1995, judgment of the District Court granting summary judgment in favor of defendants-appellees Building Services 32B-J Health & Pension Fund (the "Pension Fund") and James Toomey. Vuksanaj claims that the District Court erred in holding as a matter of law that the Pension Fund did not act arbitrarily or capriciously in denying a disability pension to Vuksanaj. We agree with the District Court.
 
 
 4
 Where a pension plan gives its trustees the discretion to determine an applicant's eligibility for pension benefits, that discretion must be accorded a significant amount of deference. Miller v. United Welfare Fund, 72 F.3d 1066, 1070 (2d Cir.1995); Pagan v. NYNEX Pension Plan, 52 F.3d 438, 441 (2d Cir.1995). A denial of benefits challenged under ERISA, 29 U.S.C. §§ 1001-1461 (1994), will not be disturbed unless the decision by the trustees was arbitrary and capricious. Miller, 72 F.3d at 1070; Pagan, 52 F.3d at 441; see also Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). The plaintiff bears the burden of adducing sufficient evidence to show that the decision was "without reason, unsupported by substantial evidence or erroneous as a matter of law." Pagan, 52 F.3d at 442 (internal quotations omitted).
 
 
 5
 In this case, the Pension Plan states that "[a]ll determinations as to an applicant's disability are made in the sole and absolute discretion of the Trustees." The standard to be applied by the Trustees is whether the applicant suffers from "the inability to work in any capacity." J.A. at 54 (emphasis added). In deciding that Vuksanaj was not eligible for a disability pension, the Trustees were provided with medical reports from numerous physicians, including the report of an independent orthopedic specialist, Dr. Halligan, who concluded that "[o]rthopedically [Vuksanaj] is capable of some type of gainful employment."
 
 
 6
 Dr. Halligan had personally conducted a physical examination of Vuksanaj, reviewed her medical history, performed several range-of-motion tests, and examined her X-rays. Subsequently, he determined that Vuksanaj was physically able to work in some capacity. We cannot say that the decision of the Trustees to base their decision on Dr. Halligan's report was arbitrary and capricious. Moreover, Vuksanaj has not adduced any evidence of arbitrariness or bad faith on the part of the Trustees.
 
 
 7
 Vuksanaj contends that she should have been allowed to conduct additional discovery in order to determine whether the Pension Fund or Dr. Halligan was systematically biased against applicants for pension benefits. The District Court denied her request for additional discovery. In January 1994, in response to a notice for deposition, the Pension Fund produced Dr. McCarthy, the Pension Fund medical advisor, and Kevin Duffy, the Pension Fund claims manager, for Vuksanaj to depose. Afterwards, despite several invitations by the District Court, Vuksanaj made no further requests for deposition witnesses until over fifteen months later, when the Pension Fund moved for summary judgment. Since Vuksanaj failed to use the time available to her for discovery, and took no steps to secure additional time until after summary judgment was imminent, it was not an abuse of discretion for the District Court to deny her discovery requests. See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 925-28 (2d Cir.1985).
 
 
 8
 Finally, Vuksanaj contends that the notices sent by the Pension Fund denying her application for pension benefits failed to conform to the technical requirements established by the regulations promulgated under ERISA. See 29 C.F.R. § 2560.503-1(f) (1995). Since this claim, however, was not raised in the District Court, we decline to consider it on appeal. See Terkildsen v. Waters, 481 F.2d 201, 204-05 (2d Cir.1973).